IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **DEREK N. JARVIS,** | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 15-2226 |
| **NANCY A. BERRYHILL,**<br>**Acting Commissioner of Social Security,** | * |
| Defendant.[1] | * |

\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM

Plaintiff *pro se* Derek N. Jarvis filed this action seeking review of the Social Security Administration's final decision to deny his claims for disability insurance benefits and Supplemental Security Income. After considering the parties' motions for summary judgment and Plaintiff's response in opposition to Defendant's motion for summary judgment, the Court determined that the Commissioner's decision was supported by substantial evidence and that the agency applied correct legal standards. The Court thus granted the Commissioner's Motion for Summary Judgment on September 27, 2016. On October 5, 2016, Plaintiff filed a "Motion for Reconsideration and Motion to Vacate Order" (ECF No. 27) and supplemental motions for reconsideration on October 11 and November 7, 2016 (ECF Nos. 28, 36). The Commissioner did not file a response. For the reasons stated below, Plaintiff's "Motion for Reconsideration and Motion to Vacate Order" (ECF No. 27), construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), is **DENIED**.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

## DISCUSSION

Although the Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration, the Court's Local Rules permit their filing within fourteen days of the issuance of the order that is their subject, except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60. L.R. 105.10.  Rule 59(e), which applies to "final judgments," provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e); *see Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991).  Because the Court's September 27, 2016, Order was a final judgment, it is governed by Rule 59(e), rather than the local rule.  *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) ("True declaratory judgments, like other final orders, trigger heightened standards for reconsideration. . . . Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment.").  Plaintiff's motion to reconsider thus will be treated as a motion to alter or amend the Court's judgment under Rule 59(e).

A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 411 (4th Cir. 2010).  If a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding.  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)).  With respect to the "clear error or manifest injustice" standard, a "factually supported and legally justified" decision does not constitute clear error.  *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993).

Rather, "[t]he exception for manifest injustice appears to be concerned essentially with fairness in the administrative process and a denial of due process." *Kasey v. Sullivan*, 3 F.3d 75, 79 (4th Cir. 1993).

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Pac. Ins. Co.*, 148 F.3d at 403. Mere disagreement with the Court's ruling does not support a Rule 59(e) motion. *Hutchinson*, 994 F.2d at 1082. A motion to amend judgment under Rule 59(e) thus "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 2617 n.5 (2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). "[T]he rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Here, Plaintiff has cited no intervening changes in controlling law, nor has he brought forward any relevant "new evidence." Rather, he contends that the ALJ and the Court erred in failing to address his impairments of arthritis in his neck and bone spurs in his back, which "establish[] Plaintiff's rights to benefits." Pl.'s Mot. 5, ECF No. 27. According to Plaintiff, the Court and the ALJ did not mention or consider these impairments that cause him to lie down and that pain medication does not alleviate. *Id.* at 6. However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). "The Commissioner, through the ALJ and Appeals Council, stated that the

3

whole record was considered, and, absent evidence to the contrary, we take her at her word." *Id.* (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)). In any event, the ALJ elicited testimony from Plaintiff about his bone spurs in his back and arthritis in his neck. R. at 35. Also, on a pain questionnaire as part of his applications for benefits, Plaintiff stated that he experienced pain in, among other places, his lower back and neck, causing him to lie down for relief. R. at 324-25. Plaintiff also reported on a function report that he is unable to lie on his back and sometimes sleeps in a chair because of his back pain (R. at 316), which the ALJ noted in his decision (R. at 18). The ALJ found, however, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" because "there is just not sufficient medical evidence to support them." R. at 18. Rather, the ALJ noted that X-rays in December 2009 after Plaintiff's alleged onset date of disability revealed "mild spur formation" at L4 and L5 in Plaintiff's lumbar spine and "some diffuse mild disc space narrowing" in his cervical spine. R. at 18, 396. Dr. Fechter also noted that Plaintiff's "mobility bilaterally is full and painless" and that testing of straight-leg raising was negative bilaterally. R. at 396. After another motor vehicle accident in 2012, Plaintiff reported upon physical examination acute back pain and tenderness at the nape of the neck and left shoulder, but no neck pain. R. at 360. The Court found that substantial evidence supported the ALJ's determination of Plaintiff's credibility (ECF No. 25 at 14-17). *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (per curiam) ("Although we cannot make credibility determinations, we are empowered to review the ALJ's decisions for substantial evidence, and we find that substantial evidence supports the ALJ's credibility assessment."); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on [the ALJ]."). Plaintiff thus has

failed to identify a clear error of law or manifest injustice warranting altering or amending the Court's judgment.

Plaintiff further maintains, however, that the undersigned did not have jurisdiction to order the entry of final judgment in this case. ECF No. 28. On October 8, 2015, however, the Clerk of Court entered Plaintiff's consent under 28 U.S.C. § 636(c) to the undersigned's jurisdiction to do so. ECF No. 17. His contention that the undersigned did not have jurisdiction to order the entry of final judgment in this matter thus is unavailing as well.

Finally, Plaintiff asserts bias by the Court against him because the Court noted in its Memorandum Opinion that Plaintiff "is 'a frequent filer in this Court' noted for 'his propensity for filing frivolous lawsuits.'" *Jarvis v. Colvin*, Civil No. TMD 15-2226, 2016 WL 5390825, at *1 n.1 (D. Md. Sept. 27, 2016) (quoting *Jarvis v. Grady Mgmt., Inc.*, Civil No. PJM 13-3853, 2015 WL 363620, at *1, *3 (D. Md. Jan. 22, 2015)). "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)), "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157). "[J]udicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Belue*, 640 F.3d at 573 (quoting *Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157). Plaintiff points to no circumstances in which the Court's "impartiality might reasonably be questioned" under 28 U.S.C. § 455(a) and no circumstances under 28 U.S.C. § 455(b), such as personal bias or prejudice, that would warrant disqualification.

*See United States v. Parker*, 742 F.2d 127, 128 (4th Cir. 1984) (noting that knowledge acquired through involvement in judicial proceedings does not constitute personal bias necessitating recusal). Plaintiff's argument in this regard also fails to demonstrate clear error of law or manifest injustice warranting altering or amending the Court's judgment.

In sum, Plaintiff has not shown an intervening change of controlling law, the availability of new evidence, clear error, or manifest injustice that would warrant altering or amending the Court's judgment under Fed. R. Civ. P. 59(e). Plaintiff's "Motion for Reconsideration and Motion to Vacate Order" (ECF No. 27), which the Court construes as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), thus is **DENIED**.

## **CONCLUSION**

For the reasons stated above, Plaintiff's "Motion for Reconsideration and Motion to Vacate Order" (ECF No. 27), construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), is **DENIED**. A separate order follows.

Date: February 3, 2017                                             /s/
                                                                                Thomas M. DiGirolamo
                                                                                United States Magistrate Judge